# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

BUDDY XEKO,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. 19-CV-0053-LRR
No. 17-CR-0063-LRR

**AMENDED ORDER**

_____

## TABLE OF CONTENTS

I.      *INTRODUCTION* ................................................................. *1*

II.    *RELEVANT BACKGROUND AND PROCEDURAL HISTORY* ............ *2*

III.   *LEGAL STANDARDS* ......................................................... *3*

A.      *Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255* .......... *3*

B.      *Standards Applicable to Constitutional Right to Counsel* ................. *5*

IV.   *ANALYSIS* .................................................................... *7*

A.      *Motion to Appoint Counsel* .................................................. *7*

B.      *Request for Evidentiary Hearing* ........................................... *8*

C.      *The Movant's Arguments* .................................................... *9*

V.    *CONCLUSION* ................................................................ *17*

## I.    INTRODUCTION

The matter before the court is Petitioner Buddy Xeko's ("the movant") Pro Se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("the

motion"), which was filed on May 7, 2019 (civil docket no. 1)[1] and the movant's Pro Se Motion to Appoint Counsel (civil docket no. 2). On June 25, 2021, the court directed the government to brief the movant's claims of ineffective assistance of counsel (civil docket no. 3). The court also directed the movant's trial counsel to file with the court an affidavit responding only to the movant's specific allegations of ineffective assistance of counsel (*id.*). After receiving an extension, trial counsel timely filed their affidavit on August 17, 2021 (civil docket nos. 5, 6). The government timely filed a responsive brief on September 1, 2021 (civil docket nos. 7).

## II.    *RELEVANT BACKGROUND AND PROCEDURAL HISTORY*

On August 24, 2017, the grand jury returned a six-count Indictment (criminal docket no. 4)[2], charging the movant with conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 5); and engaging in a monetary transaction in property derived from drug trafficking in violation of 18 U.S.C. § 1957(a) (Count 6).[3] Movant privately retained the legal services of two attorneys who represented him throughout the case. On December 4, 2017, movant filed a notice of intent to plead guilty (criminal docket no. 65). On December 7, 2017, movant appeared before Chief Magistrate Judge C.J. Williams and entered a plea of guilty to Counts 1, 5 and 6 (criminal docket no. 67). Judge Williams entered a Report and Recommendation that a United States District Court Judge accept the movant's plea of guilty (criminal docket no. 76). On December 27, 2017, the court entered an order adopting the report and recommendation concerning the movant's guilty plea and finding him guilty of the crimes charged in Counts 1, 5 and 6 of the Indictment (criminal docket no. 83).

---

[1] Civil docket references are in case Xeko v. USA, 19-cv-0053-LRR.
[2] Criminal docket references are in case USA v. Xeko 17-cr-0063-LRR.
[3] Counts 2-4 of the Indictment relate to charges against the movant's co-defendants.

A final presentence report was filed on March 9, 2018 (criminal docket no. 99). The presentence report calculated the movant's total offense level as 25 (*id*. at 10). With a total offense level of 25 and a criminal history category of I, the movant's advisory Guidelines range was 57 to 71 months (*id*. at 17). A sentencing hearing was held on May 8, 2018 (criminal docket no. 119). The court imposed a sentence of 71 months imprisonment on each of Counts 1, 5 and 6 of the Indictment, all to be served concurrently (criminal docket no. 122). In addition, the court imposed three years of supervised release and imposed a $300 special assessment (*id*.).

The movant did not file a Notice of Appeal. On May 7, 2019, movant filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In the motion, the court understands the movant is asserting four claims of ineffective assistance of trial counsel.

## III. LEGAL STANDARDS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

A prisoner in custody under sentence of a federal court is able to move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) "[that the judgment or sentence] is otherwise subject to collateral attack." *Id*.; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962) (listing four grounds upon which relief under 28 U.S.C. § 2255 may be claimed); *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (same); *Lee v. United States*, 501 F.2d 494, 499-500 (8th Cir. 1974) (clarifying that subject matter jurisdiction exists over enumerated grounds within the statute); Rule 1 of the Rules Governing Section 2255 Proceedings (specifying scope of 28 U.S.C. § 2255). If any one of the four grounds is established, the court is required "to vacate and set aside

3

the judgment and [it is required to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting 28 U.S.C. § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)) (internal quotation mark omitted). Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Rather, 28 U.S.C. § 2255 is intended to redress constitutional and jurisdictional errors and, apart from those errors, only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also Sun Bear*, 644 F.3d at 704 (clarifying that the scope of 28 U.S.C. § 2255 is severely limited and quoting *Hill*, 368 U.S. at 428); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (making clear that a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id*. (quoting *Addonizio*, 442 U.S. at 184).

Further, movants ordinarily are precluded from asserting claims that they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001); *see also Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curium) (citing *Frady*, 456 U.S. at 167-68, for the proposition that a movant is not able to rely on 28 U.S.C. § 2255 to correct errors that could have been raised at trial or on direct

appeal); *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983) (concluding that a collateral proceeding is not a substitute for a direct appeal and refusing to consider matters that could have been raised on direct appeal). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *McNeal*, 249 F.3d at 749 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *See McCleskey v. Zant*, 499 U.S. 467, 501 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction."). To establish actual innocence, a movant "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (citation omitted) (internal quotation marks omitted).[4]

### B. Standards Applicable to Constitutional Right to Counsel

The Sixth Amendment to the United States Constitution provides in pertinent part that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both

---

[4] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See, e.g.*, *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

at trial and on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 393-96 (1985); *Bear Stops*, 339 F.3d at 780. By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d 777, 780 (8ᵗʰ Cir. 2003) ("To prevail on a § 2255 motion, the [movant] must demonstrate a violation of the Constitution or the laws of the United States.").

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*: *see also Apfel*, 97 F.3d at 1076 ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

The "deficient performance" prong requires the movant to show that his or her "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [movant] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. There are two substantial impediments to making such a showing, however. First, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."

*Id.* at 690.  Second, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694).  The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct."  *Strickland*, 466 U.S. at 690.  In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance."  *Id.*

Even if counsel's performance was "deficient," the movant must also establish "prejudice."  *See id.* at 692.  To satisfy this "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  Thus, "[i]t is not enough for the [movant] to show that the errors had some conceivable effect on the outcome of the proceeding."  *Id.* at 693; *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (same).

## IV.    ANALYSIS

### A. Motion to Appoint Counsel

As to Defendant's request for appointment of counsel, the court deems the appointment of counsel unnecessary regarding the movant's claims, other than his claim that trial counsel was ineffective for failing to advise movant of his rights to appeal or to file a notice of appeal from the judgment.  There is neither a constitutional nor a statutory right to counsel in § 2255 proceedings; rather, the appointment of counsel is at the

discretion of the court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Green v. United States*, 262 F.3d 715, 718 (8th Cir. 2001) ("[T]he Constitution does not guarantee [movant] a right to counsel in this collateral proceeding"). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also* 28 U.S.C. § 2255(g). The general rule is that the court may appoint counsel in a § 2255 case if the interests of justice so require. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g).

To the extent that the courts find it necessary to hold an evidentiary hearing as to movant's claim that trial counsel failed to advise movant of his appeal rights and failed to file an appeal from the judgment, the court shall appoint counsel to represent movant as to that claim, as set forth below. Accordingly, the Motion is **DENIED IN PART AND GRANTED IN PART**.

### B. Request for Evidentiary Hearing

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). Accordingly, a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case

8

demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Adejumo v. United States*, 908 F.3d 357, 361 (8th Cir. 2018); *Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curium).

The court concludes that it is able to resolve the movant's claims, other than his claim that trial counsel was ineffective for failing to advise movant of his appeal rights or to file a notice of appeal from the judgment, from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought in each claim, other than his claim that trial counsel was ineffective because he failed to advise movant of his appeal rights or to file a notice of appeal from the judgment. Specifically, it indicates that the movant's assertions in each ineffective assistance of counsel claim, other than his claim regarding trial counsel's failure to advise movant of his right to appeal or to file a notice of appeal from the judgment, fail because they are meritless. As such, the court finds that there is only a need to conduct an evidentiary hearing on the movant's fourth claim that trial counsel was ineffective due to his failure to file a notice of appeal from the judgment and the court shall reserve ruling as to that claim until after it holds the evidentiary hearing.

### C. The Movant's Arguments

With respect to the merits of the movant's claim, the court deems it appropriate to deny the motion as to the first three claims of ineffective assistance of counsel claimed

and to reserve judgment as to the movant's fourth claim of ineffective assistance of counsel pending an evidentiary hearing.

The movant has argued that trial counsel erred in four separate regards. The court will address those issues seriatim.

### 1. Alleged Failure to Advise Movant that a Plea Agreement was Offered

Movant argues that trial counsel provided ineffective assistance because trial counsel failed to notify him that a plea officer was extended. (civil docket no. 1 at 4). Specifically, the movant asserts:

> Ineffective assistance of counsel for failing to notify petitioner of a material plea offer with a firm acceptance date that most likely resulted in a top of the guidelines range sentence. Copy of plea offer shows that one charge is dropped, no loss of appeal or collateral attack rights, an agreement not to bring additional charges if no new evidence is found.

(Civil docket no. 1 at 4).

In an affidavit signed by the movant's two attorneys, counsel deny the allegation and state that:

> 9. On November 27, 2017, the undersigned attorney provided [movant] with a copy of the Proposed Plea Agreement sent by Assistant U.S. Attorney Ravi Narayan. (See Exhibit B.) On November 29, 2017, the undersigned attorney, Mr. Willett, had a phone conference with Mr. Narayan to discuss the deals of the proposed plea agreement. 10. On December 1, 2017, both undersigned attorneys visited the [movant] and conducted a 1.9-hour meeting to review the proposed plea agreement. (See Exhibit A at 3.) After extensive discussions, the [movant] advised the undersigned attorneys that he did not want to accept the proposed plea agreement but would consider an open plea to preserve the ability to argue certain sentencing enhancements. These enhancements included: the quantity of drugs; the dangerous weapon enhancement; and the Petitioner's criminal history. 11. As shown by Exhibit B, the Proposed Pleas [sic] Agreement required the [movant] to stipulate to the following: a base level offense of at least 24; a two-level enhancement for a dangerous weapon; a two-level enhancement for money laundering and it preserved the ability for the Government to argue that the [movant's] criminal history category

10

does not accurately reflect foreign convictions. Ultimately, an open plea provided the same conditions and allowed the undersigned attorneys to further investigate the viability of contesting certain issues.

(Civil docket no. 6 at 3-4).

The court finds trial counsel credible. Trial counsel attached to their affidavit a copy of the cover letter and plea agreement which they mailed to movant on November 27, 2017 (civil docket no. 6-3 at 1-8, 6-4 at 1-8). Additionally, trial counsel provided the court with a copy of their billing statement mailed to the movant's girlfriend on December 13, 2017, which charged among other items for .9 hours expended to review proposed plea agreement and draft a letter to client (civil docket no. 6-1 at 1). Trial counsel also provided a copy of a January 5, 2018, billing statement which included charges for 1.9 hours expended by each attorney for a conference with movant at the jail regarding a proposed plea agreement (civil docket no. 6-1 at 3). Notably, movant does not allege that counsel's explanation of the proposed plea agreement was deficient but rather alleges that counsel did not advise him one had been made. The record makes clear that this allegation is factually incorrect. Thus, the court cannot find trial counsel to have been deficient.

Moreover, even if trial counsel was deficient—which they were not—the movant cannot meet *Strickland's* prejudice prong. Had movant accepted the plea agreement offered he would have agreed to a base offense level of at least 24, with a two-level upward adjustment for dangerous weapon and a two-level upward adjustment for money laundering. With the three-level downward adjustment for acceptance of responsibility, that would have resulted in a total offense level of 25 with the criminal history category to be determined later and with the Government able to argue that movant's criminal history category was higher than I because his foreign convictions were not accurately reflected (civil docket no. 6-3 at 8).

The movant's ultimate result derived from the representation of trial counsel was as good or better from having refused the proposed plea agreement than it would have

been had he accepted the plea agreement. The best result that would have been achieved for the movant had he accepted the plea agreement would have been for him to receive a total offense level of 25 with his criminal history category subject to being raised from a category of I to a less favorable category based upon the movant's foreign convictions. The ultimate result achieved by trial counsel was that the movant received a total offense level of 25, and, as a result of negotiations by trial counsel, his criminal history category was not raised. Thus, the record establishes that movant cannot demonstrate prejudice, as he cannot reasonably show that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Accordingly, the movant's first ineffective assistance of counsel claim is denied.

### 2. *Alleged Failure to Raise Dismissal of Co-conspirator's 18 U.S.C. § 1956 Charge*

Movant argues that trial counsel was ineffective because trial counsel failed to pursue a defense that his co-conspirator's 18 U.S.C. § 1956 charge was dropped and that therefore his own 18 U.S.C. § 1956 charge should have been dropped (civil docket no. 1 at 5).

Movant asserts:

> Ineffective assistance of counsel for failing to bring the dismissal of the co-conspirators [sic] § 1956 charge to the attention of the court resulting in a two-point enhancement of sentence.

*(Id.)*

In response, trial counsel stated that they notified movant on November 7, 2017, that one of his two co-conspirators was cooperating with the government and that they notified him on November 27, 2017, that the other was likely also cooperating as part of a plea agreement (civil docket no. 6 at 4).

Trial counsel further stated that:

12

15. On multiple occasions during plea discussions and during sentencing issue discussions, the undersigned attorneys discussed with the [movant] that the § 1956 charge brought against him is not dependent on co-conspirators also being found guilty of such a charge. In fact, the notices regarding the co-defendants entering cooperation agreements would add additional evidence as to the specific charge. 16. For these reasons, as explained by the undersigned attorneys to the [movant] during multiple conferences, the dismissal of the § 1956 charge for the co-conspirators would not have any impact on his case.

(Civil docket no. 6 at 4-5).

The government argues that the movant has proven neither defective performance nor prejudice (civil docket no. 7 at 16-17). The court agrees.

Considering the fact that the co-conspirator's charges were dropped pursuant to the cooperation with the government as part of a plea agreement and movant's own admission that there was a basis for the charge, trial counsel was not deficient in failing to file a motion requesting the trial court dismiss movant's § 1956 charge, because trial counsel correctly determined that such a motion would not be meritorious (civil docket no. 6 at 4-5); *Kimmelman v. Morrison*, 477 U.S. 365, 368, 382 (1986); *United States v. Cronic*, 466 U.S. 648, 657 n.19 (1984) ("Of course, the Sixth Amendment does not require that counsel do what is impossible or unethical."). Moreover, trial counsel's decision to abstain from filing a futile motion is a matter of professional judgment that does not fall below an objective standard of reasonableness. *See Thomas v. United States*, 951 F.2d 902, 904 (8th Cir.1992). The movant has also failed to establish any prejudice.

Accordingly, the movant's second ineffective assistance of counsel claim is denied.

### 3.    *Alleged Failure to Object to Dangerous Weapon Enhancement*

The movant next asserts that trial counsel was ineffective because they failed to object to the dangerous weapon enhancement (civil docket no. 1 at 7).

Trial counsel denies that allegation and avers that they filed an objection to the weapon enhancement recommended in the presentence report (civil docket no. 6 at 5-6).

13

Specifically, trial counsel states that at the request of movant an objection was filed to the presentence report as to the dangerous weapon enhancement and the drug quantity enhancement but that the objection was withdrawn with the knowledge and consent of the movant (*id*.)

Trial counsel stated that:

> 23. In March of 2018, the [g]overnment notified the undersigned attorneys that, if the undersigned attorneys maintained the above-referenced objections, the [g]overnment's position would be: (i) that these objections place the acceptance of responsibility reduction at risk; and (ii) the [g]overnment would seek an upward departure based on the [movant's] foreign convictions.  However, if the Petitioner did not pursue these objections, the [g]overnment would agree to the three-level reduction for acceptance and would not request an upward departure at sentencing.

(Civil docket no. 6 at 6).

Further, trial counsel states that they provided movant with written copies of the government's position on March 7, 2018, and on March 15, 2018; that counsel continued to research the issues involved; and that on March 21, 2018, counsel met with movant for 1.3 hours and discussed the issue, at which time movant advised counsel to withdraw the objections (civil docket no. 6 at 6-7).

The government agreed that trial counsel initially objected to the sentencing enhancement but later withdrew it as a matter of trial strategy (civil docket no. 7 at 19). The government argues that because trial counsel was engaging in trial strategy the decision to withdraw the objection should be allowed deference, citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).  Additionally, the government argues that movant cannot prove he was prejudiced because there was no reasonable probability that the movant would have prevailed had he persisted in objecting to the two-level enhancement for possession of a dangerous weapon (*id*. at 19-20).

The government further argues that:

In order for the U.S.S.G. §2D1.1(b)(1) enhancement to be applied to a defendant in a drug case, "[t]he government must simply show that it is not

14

clearly improbable that the weapon was connected to the drug offense."
*United States v. Peroceski,* 520 F.3d 886, 889 (8th Cir. 2008). *See*
U.S.S.G. §2D1.1 (comment, n.11). The evidence in this case reflects that
the Glock 9mm handgun was located in the basement office of the movant's
residence where 40 grams of cocaine and 225.4 grams of marijuana were
also located.

(Civil docket no. 7 at 19-20).

The record belies movant's argument. Trial counsel did not "fail to object" in error but rather made a reasoned decision to withdraw a timely filed objection as a matter of strategy and movant agreed to it. The allegation that trial counsel "failed to object" is flat-out wrong.

The trial record supports the positions of both trial counsel and the government as to the timeliness of the objection and movant's chance of successfully pursuing the objection. The final presentence report indicates that movant objected to the two-level enhancement for the possession of a dangerous weapon (criminal docket no. 99 at 6). The presentence report also indicates that the handgun was found in the same room from which officers seized 225.4 grams of marijuana and 40 grams of cocaine (criminal docket no. 99 at 7). Moreover, a review of the record supports the strategy of trial counsel as having merit. Given the government's position that it would object to the acceptance of responsibility and would argue for an upward departure based upon movant's foreign convictions, the actions of trial counsel cannot be deemed deficient.

U.S.S.G. § 4A1.3(a)(1) provides in pertinent part that, "[i]f reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history . . . an upward departure may be warranted." *Id*. Further, U.S.S.G. § 4A1.3(a)(2)(A) provides that "[p]rior sentence(s) not used in computing the criminal history category" may be used for forming the basis of an upward departure. *Id*. Finally, U.S.S.G. § 4A1.2(e) cmt. n.8 provides that a sentence imposed outside the time period provided in § 4A1.2(e) which constitutes "evidence of similar, or serious dissimilar, criminal conduct," is information that may

be considered by the court "in determining whether an upward departure is warranted under § 4A1.3." *Id*. Given the law, the court finds that trial counsel properly considered the outcome as a whole and acted in a thoughtful and reasoned manner in developing their trial strategy.

The court finds the movant has failed to establish an ineffective assistance of counsel claim. Movant has shown neither deficient performance nor prejudice.

Movant's third ineffective assistance of counsel claim is denied.

### 4. Counsel's Alleged Failure to Advise Movant of Appeal Rights, Failure to File an Appeal and Failure to Preserve Appeal Rights

In his fourth and final claim of ineffective assistance, the movant argues that trial counsel failed to advise him of his right to appeal and failed to preserve his appeal rights (civil docket no. 1 at 8).

Trial counsel responded that movant was aware of the issues which would be addressed at the sentencing hearing and was aware that trial counsel argued for a downward variance at the sentencing hearing (civil docket no. 6 at 8-9). Trial counsel additionally stated that on May 18, 2018, trial counsel discussed appeal rights and the appeal process with the movant and that at that time movant advised that he did not wish to appeal the sentencing decision (*id*.). Trial counsel stated further that after discussing appeal rights with movant, trial counsel called movant's girlfriend, Jennifer (*id*. at 9).

The court concludes that it is unable to resolve the movant's claim from the record. Thus, absent the movant withdrawing his ineffective assistance of counsel claim regarding the appeal from the judgment, the court finds that it must conduct an evidentiary hearing to determine whether the movant knowingly and voluntarily decided to forgo seeking timely appellate relief with respect to the judgment.[5] The court will appoint counsel to

---

[5] Before proceeding with his failure to file a notice of appeal claim, the movant should fully discuss with his newly appointed counsel the record and the fact that he will

represent the movant at the hearing. *See* Rule 8(c), Rules Governing Section 2255 Cases in the United States District Courts; *Green v. United States*, 262 F.3d 715, 716-19 (8th Cir. 2001) (Constitution does not guarantee a right to counsel in collateral proceeding, but counsel must be appointed to represent an indigent § 2255 movant if an evidentiary hearing is required).

## *V. CONCLUSION*

In sum, all of the alleged errors, except the failure to advise movant of appeal rights and to file a notice of appeal from the judgment claim as to which the court has reserved ruling, do not warrant relief under 28 U.S.C. § 2255 because they lack merit. Accordingly, they shall be denied. No certificate of appealability will issue for those claims. If the movant desires further review of his 28 U.S.C. § 2255 motion, he may request the issuance of a certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997). With respect to the remaining failure to advise movant of his appeal rights or file a notice of appeal claim, the court deems it appropriate to conduct an evidentiary hearing.

**IT IS THEREFORE ORDERED**:

1) The movant is entitled to an evidentiary hearing on the movant's failure to file a notice of appeal from the amended judgment. An evidentiary hearing is scheduled to commence at 3:30 p.m. (CST) on Wednesday, August 17, 2022. The movant, all counsel and witnesses shall appear in-person before the undersigned in Courtroom 2, United States Courthouse, 111 Seventh Avenue SE, Cedar Rapids, IA. Additionally, the clerk's office is directed to appoint CJA counsel to represent the movant. The clerk's office is directed to send a Summons to the movant directing his appearance.

---

be required to testify under oath and that by proceeding with this matter he will be deemed to have waived his attorney-client privilege with regard to trial counsel.

2) The movant's remaining claims are **DENIED**.  No certificate of appealability will issue for claims 1-3 denied herein.

**DATED** this 1st day of August, 2022.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA